MAGDELEINE answer to interrogatories, under the act of 1805,
*vs.*
MAYOR.          C 6. which virtually repeals all rules relating to
the decisory oath.

JUDGMENT FOR THE PLAINTIFFS.

*MAGDELEINE vs. MAYOR.*

Mother's right     *By the Court.* MATHEWS, *J. alone.* The
to the guar- plaintiff demands an account of certain property
dianship.
left to her children by the will of George Olivar,
their natural father, contending that she is by
law and by the will, tutrix or guardian of her
said children, and that therefore, she is the only
person entitled to the administration and mana-
gement of their property, and further, that she
has, by the will, an indisputable title to a por-
tion of the property during her life.

THE answer admits the existence of the will,
but traverses her right to the guardianship, which
she claims under the appointment of the court
of probate of Pointe-Coupec.

Two questions arise, 1st, is the plaintiff by
the will or by law, guardian of these children?

2. If she is, could the tutorship be given to
another person, to her exclusion?

I. IT appears, on the face of will, that the
testator ordered that the plaintiff should remain
in possession of the property, to cultivate and

manage it, till the age of majority of her chil-
dren. It, therefore, may be fairly inferred that
although she be not expressly named as guar-
dian, the intention of the testator was that she
should act as such.

II. It appears, by the record produced by the defendant, that he derives the guardianship from the civil commandant of Pointe-Coupee and that he received it in the month of November, 1804, at which time it is very doubtfull, whether any other tribunal, than the superior court sitting at New-Orleans, was competent to appoint to the office, which the Spanish laws, then in force, call a tutor dative, which is not to be given, when there exists a testamentary or legitimate tutor.

The plaintiff was, therefore, if not expressly by the will, at least by the said law, the tutrix or guardian of her children, and the appointment of the civil commandant is consequently void.

JUDGMENT FOR THE PLAINTIFF.